UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW H. TUZAS, SR.,

      Plaintiff,                                        Case No. 12-10199
                                                     Honorable Thomas L. Ludington

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART,
DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE***

This case was removed from Michigan State court to this Court on January 17, 2012. It arises from a September 14, 2004 car accident involving Plaintiff Matthew Tuzas. On that day, Plaintiff was riding in a motor vehicle owned and operated by Julie Elizabeth Karst when the vehicle was struck on the side by another vehicle whose driver failed to yield the right of way. Plaintiff alleges that he suffered severe injuries to his head, back, neck, and shoulder; all of which required surgeries (except his head injuries). Previous to the accident, Defendant Allstate Insurance Company executed an automobile insurance policy which insured Plaintiff as well as his two vehicles. Plaintiff claims that under the policy, he is entitled to Michigan Personal Injury Protection benefits for his resulting injuries.

According to Plaintiff, Defendant paid wage loss, medical bills, and other No-Fault expenses until approximately December 2010, when Plaintiff's No-Fault benefits were terminated. Since that time, Plaintiff asserts he has expended large sums of money for medical, nursing, and hospital treatment, as well as physical therapy. Additionally, Plaintiff claims he has been forced to miss work as a result of the injuries he suffered, thereby losing wages. Plaintiff believes Defendant is responsible for corresponding No-Fault benefits.

As of December 16, 2011, the day Plaintiff filed his original complaint in Saginaw County Court, Defendant had paid various amounts for Plaintiff's care. However, Plaintiff claims he is entitled to outstanding benefits from December 1, 2010 through the present.

A jury trial is set to commence on July 23, 2013. Plaintiff has filed various motions *in limine*, contesting that certain evidence should not be presented to the jury.

# I

Under the Federal Rules of Evidence, relevant evidence is admissible unless the United States Constitution, a federal statute, the Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Irrelevant evidence is not admissible. *Id*. Evidence is "relevant" if it tends to make a material fact more or less probable. Fed. R. Evid. 401. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence before trial, "[i]n general, federal district courts have the power to exclude evidence *in limine* pursuant to their inherent authority to manage trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "The purpose of a motion *in limine* is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial." *Corporate Commc'n Services of Dayton, LLC v. MCI Communications Services, Inc.*, 2010 WL 1445169, at *1 (S.D. Ohio Apr. 12, 2010). A court will generally not grant a motion *in limine* unless the moving party "meets its burden of showing that the evidence in question is clearly inadmissible." *Id*. (citing *Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "If such a showing is not

made, evidentiary rulings should be deferred and resolved in the context of trial." *MCI Communications*, 2010 WL 1445169, at *1.

**II**

Plaintiff contends there are five pieces of evidence that should be excluded from trial. They are as follows: (1) a physical altercation, two years after the accident, involving a fist-fight between Plaintiff and another man. Plaintiff eventually pled guilty to assault and battery charges, which were later expunged. (2) The fact that Plaintiff was diagnosed and underwent treatment for lung cancer around twenty years ago. (3) The fact that Plaintiff underwent knee surgery after a work-related injury 27 years ago. (4) The fact that Plaintiff underwent treatment for a "drill-bit" injury to his arm that occurred approximately 40 years ago. (5) Any documents that were not produced by Defendant during the course of discovery.

Defendant's response brief does not contest Plaintiff's request to exclude documents that were not produced during discovery. Accordingly, Plaintiff's motion on that issue will be granted: any document that is not contained in the 2,552 pages Defendant produced, less the missing pages alleged to have been irrelevant, will not be admissible at trial.

Plaintiff's motion will be denied on all other grounds. As Defendant asserts, "Plaintiff's medical history is the most significant piece of evidence that will be brought before [the] jury." Def.'s Resp. 5, ECF No. 26. Under the Michigan No-Fault Act, Plaintiff bears the burden of providing evidence that the medical procedures he underwent were "reasonably necessary products, services and accommodations" for his "care, recovery, or rehabilitation." Mich. Comp. Laws 500.3107. Therefore, the jury will be tasked with determining if Plaintiff has met his burden of proving a causal relationship between the services he received from December 1, 2010

to present and the injuries he sustained during the September 2004 automobile accident. Plaintiff's medical history is certainly relevant to this determination.

This is not to say all the evidence concerning Plaintiff's medical history will be relevant. The Court very well may decide that a decades-old knee surgery need not be considered by the jury. That decision, however, is better left for trial. At this point, Plaintiff has offered little, if anything, to carry his burden of demonstrating that the evidence concerning his prior medical condition would be "unfairly prejudicial." Because this ruling is better left for the context of trial, Plaintiff's motion on this ground will be denied.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion *in limine*, ECF No. 24, is **GRANTED** in part and **DENIED** in part.

Dated: July 16, 2013                                    s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 16, 2013.
                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS